1
2
3
4
5
6 **UNITED STATES DISTRICT COURT**
7 **CENTRAL DISTRICT OF CALIFORNIA**
8

| | | |
|---|---|---|
| 9 | CHARLES EDWARD BAINES, ) | Case No. CV 22-05123-FMO (SK) |
| 10 | Petitioner, ) | |
| 11 | v. ) | **ORDER DISMISSING PETITION FOR LACK OF JURISDICTION** |
| 12 | THERESA CISNEROS, ) | |
| 13 | Respondent. ) | |

14

15    Petitioner is a California state inmate convicted nearly ten years ago of robbery crimes and

16  sentenced with firearm, gang, and recidivism enhancements under state law.  (ECF 1 at 25-44).

17  Years later, California enacted various reforms providing state trial judges more discretion when

18  imposing some of those sentencing enhancements.  See S.B. 620 (Cal. 2017) (amending Penal

19  Code §§ 12022.5-12022.53); S.B. 1393 (Cal. 2018) (amending Penal Code §§ 667, 1385); S.B.

20  81 (Cal. 2021) (amending § 1385 again).  Relying on those newly enacted state criminal laws,

21  Petitioner unsuccessfully sought a reduced sentence from the trial court and through state habeas

22  proceedings throughout 2021 and 2022.  (ECF 1 at 2-8, 47-54).  He now seeks federal habeas

23  relief under 28 U.S.C. § 2254 claiming that the California state courts erred by declining to strike

24  (or to order the striking of) one or more of his enhancements under the new state reforms.  (ECF

25  1 at 15-22).   The federal petition must be dismissed, however, because § 2254 confers no

26  jurisdiction to review whether state courts misapplied their own state's sentencing laws.

27    Federal habeas relief is unavailable for "errors of state law."  *Swarthout v. Cooke*, 562 U.S.

28  216, 219 (2011).  In fact, a state court's interpretation of its own state's laws binds federal habeas

courts.  *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).  The Court thus has no authority under § 2254 to second-guess how the California state courts decided Petitioner's requests for resentencing or for a reduced sentence.  *See Cole v. Sullivan*, 480 F. Supp. 3d 1089, 1097 (C.D. Cal. 2020).  Petitioner cannot avoid this outcome by alleging in conclusory terms, as he does here, that the state courts violated due process.  (ECF 1 at 19-20).  That is not enough to "transform a state-law issue into a federal one."  *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).  Nor can Petitioner circumvent this jurisdictional bar by claiming ineffective assistance of counsel.  (ECF 1 at 13).  Even if state law might permit (or even require) appointment of counsel in certain resentencing proceedings, see, e.g., Cal. Penal Code § 1170.95, the Sixth Amendment guarantees no such right under federal law.  *See Coleman v. Thompson*, 501 U.S. 722, 756-57 (1991); Martinez v. Koenig, 2021 WL 8015539, at *4 (C.D. Cal. 2021).

In any event, none of Petitioner's state law challenges has merit.   The newly enacted reforms in California's sentencing statutes do not apply retroactively to convictions-like Petitioner's-that were final before those statutes passed.  *See People v. Hernandez*, 34 Cal. App. 5th 323, 326 (2019) (S.B. 620 not retroactive); *People v. Alexander*, 45 Cal. App. 5th 341, 343 (2020) (S.B. 1393 not retroactive); Cal. Penal Code § 1385 (applicable, as amended by S.B. 81, only to sentencings "after January 1, 2022").  Thus, even if Petitioner's state law claims were construed as cognizable federal due process claims, he cannot prove that there were any sentencing errors to begin with, much less an error "so arbitrary or capricious as to constitute an independent due process" violation.  *Richmond v. Lewis*, 506 U.S. 40, 50 (1992).

Based on the foregoing, IT IS ORDERED THAT:

1.  The petition under 28 U.S.C. § 2254 is dismissed for lack of jurisdiction.  Leave to amend is denied as futile because Petitioner can state no cognizable federal claim based on California's newly enacted sentencing laws.  Judgment will thus be entered dismissing this action with prejudice.

2.  A certificate of appealability is denied because Petitioner has not made a substantial showing of the denial of a constitutional right and that jurists of reason would find it debatable

1  whether the Court is correct in its procedural rulings.  See 28 U.S.C. § 2253(c)(2); Fed. R. App.

2  P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

3  Dated this 8th day of August, 2022.

4

5                                                                    /s/

6                                                         Fernando M. Olguin
                                                         United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28